IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ANGELA FLOWERS,

          Plaintiff,

v.

KIA MOTORS FINANCE,

          Defendant.[1]

OPINION and ORDER

21-cv-411-wmc

---

Plaintiff Angela Flowers purchased a vehicle with a loan from defendant Kia Motors Finance ("Kia"). After she defaulted on her scheduled payments, Kia gave notice to Flowers that she was in default and her vehicle might be repossessed. In this suit, Flowers claims that Kia's default notices and attempts to repossess her vehicle violated various provisions of Wisconsin's consumer protection laws.[2]

Several motions are currently pending before the court. Initially, Kia moved for judgment on the pleadings (dkt. #31), in response to which Flowers moved for leave to amend her complaint (dkt. #48). Kia then filed a brief in opposition to Flowers' motion, along with an additional motion for summary judgment (dkt. #56.) For the reasons below, the court will

---

[1] Flowers also named "ABC Repossession Company" as a defendant in her initial complaint, asserting claims against it under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, and state law. However, she never identified or served a repossession company, and she later abandoned her claims against ABC. (Dkt. #51, n.1) Accordingly, the court has removed ABC Repossession Company from the caption of the complaint and dismissed those claims.

[2] This court has jurisdiction over this action under 28 U.S.C. § 1332, as: plaintiff Flowers is domiciled in Wisconsin and seeking more than $75,000 in damages; while defendant Kia Motors Finance is a California corporation with its principal place of business also headquartered in that state as well.

deny Flowers' motion to amend her complaint and will grant Kia's motions, dismissing all of Flowers' claims against Kia with prejudice.

BACKGROUND[3]

A. Flowers' Initial Complaint

Plaintiff Flowers purchased a used Kia vehicle in February 2017 financed by defendant Kia Motors Finance. However, she later fell behind on her payments, defaulting on her financing contract. She spoke with a Kia representative regarding her default, but she never resumed making payments, resulting in Kia flagging her vehicle for repossession. Nevertheless, Flowers filed this lawsuit June 23, 2021, asserting several claims against defendant Kia relating to a November 2020 incident in which it allegedly wrongfully attempted to repossess her car. (Dkt. #1 (Cpt.)).

Specifically, on an early morning in November 2020, at around 3:30 a.m., as Flowers was allegedly preparing for work, she saw a truck parked across the street from her house. (Dkt. #1, ¶¶ 10-13.) She could see that the driver of the truck was a man, who was wearing a beanie, but neither the truck nor the driver's clothing displayed any advertising, letters, signs, numbers or other identifying information. (Flowers' Dep. (dkt. #60) 72–73, 79, 112.) Neither could

---

[3] The following background is drawn from Flowers' complaint, the parties' proposed findings of fact and responses, and the court's docket. In resolving Kia's motion for judgment on the pleadings, the court considers only whether the allegations of the complaint state a claim for relief that is plausible on its face. *Adams v. City of Indianapolis*, 742 F.3d 720, 727–28 (7th Cir. 2014). In resolving the motion for summary judgment, however, the court considers whether Flowers has submitted evidence sufficient to show a genuine dispute of material fact. Fed. R. Civ. P. 56.

she tell what type of truck it was, nor whether it had a Wisconsin license plate. (*Id.* at 80, 111.)

When Flowers and her son got into her vehicle a few minutes later, that same truck backed down her driveway and parked behind them, apparently to prevent her son from backing out of the driveway. After sitting for about one minute, Flowers' son instead drove her vehicle through their backyard to reach the street, at which point the truck followed them, through town, down several roads, and onto the interstate. (*Id.* at 86–87; Cpt. (dkt. #1) ¶¶ 14-15.) Eventually losing sight of the truck, they never communicated with the driver of the truck, who neither exited his vehicle nor attempted to speak with them.

When Flowers later contacted Kia, it confirmed that she was in default and that her vehicle was subject to repossession. However, her vehicle was never repossessed, and she has remained in possession of her vehicle since the November 2020 incident. Flowers filed this action on June 23, 2021, claiming that Kia violated Wisconsin's Consumer Act in four ways: (1) unconscionable conduct in violation of Wis. Stat. § 425.107; (2) illegal repossession in violation of Wis. Stat. § 425.206; (3) unlawful debt collection practices in violation of Wis. Stat. § 427.104; and (4) bad faith in violation of Wis. Stat. § 421.108.

B. Procedural Developments after Initial Complaint

After Kia filed an answer to Flowers' initial complaint, the court set a schedule, giving the parties until July 29, 2022, to amend their pleadings without leave of the court. (Dkt. #23.) On July 25, 2022, the parties next filed a stipulation to permit plaintiff to amend her complaint within seven days of deposing Kia's corporate representative, which they "expect[ed] to complete in August 2022." (Dkt. #26.) Due to scheduling conflicts, however, that

deposition did not happen in August. Instead, after Flowers' counsel suggested several potential deposition dates, including August 30 or 31, and Kia's counsel responded on July 28 that August 30 and 31 would work, Flowers' counsel (without filing an amended complaint) did not follow up with Kia regarding potential deposition dates again until August 29, then on September 9, he noticed the Kia deposition for October 11. (Dkt. ##38-5; 46-1; 46-2.)

On September 28, 2022, before Kia's representative was deposed, Kia filed a motion for judgment on the pleadings. (Dkt. #31.) On November 2, after receiving an extension, Flowers filed a brief in opposition to Kia's motion for judgment on the pleadings (dkt. #51), as well as a motion for a further leave to file her amended complaint (dkt. #48). In her opposition brief, Flowers expressly abandoned counts 1, 2, 4 and 5 of her initial complaint (dkt. #51, n.1), leaving only count 3 against Kia for unlawful debt collection practices.

In her proposed amended complaint, Flowers also added new allegations regarding a repossession that occurred in 2019. Specifically, she alleged that Kia repossessed her vehicle in September 2019 without providing her proper notices or a right to cure her default, and that Kia's October 2019 post-repossession notices and forms violated Wisconsin law. (Dkt. #50.) Kia opposed Flowers' motion to amend her complaint, and on February 17, 2023, it filed a motion for summary judgment with respect to claim 3 of Flowers' initial complaint. (Dkt. #56.)

OPINION

A. Flower's Motion for Leave to File an Amended Complaint

The general rule under Federal Rule of Civil Procedure 15(a) is that the court should grant leave to amend the complaint in the interest of justice absent futility, undue delay,

4

prejudice or bad faith. *L. Offs. of David Freydin, P.C. v. Chamara*, 24 F.4th 1122, 1133 (7th Cir. 2022). In this instance, the court will deny Flowers' motion for leave to file an amended complaint based on (1) undue delay and (2) futility.

To begin, as Flowers was well aware, the deadline to amend her complaint without leave of court was July 29, 2022. Indeed, the court cautioned all parties in May 2022 that the later leave to amend was sought, the less likely it was that justice would support an amendment. (Dkt. #23, at 2.) Moreover, as Magistrate Judge Crocker explained to the parties in an October 26, 2022 text order, although Kia stipulated not to oppose a future amendment to Flowers' complaint after she deposed Kia's corporate representative, "the court remains the gatekeeper whether to allow an amended complaint at this juncture regardless of the parties' stipulation." (Dkt. #47.)

Here, after numerous delays by counsel for both parties in finally taking the corporate representative's deposition, Flowers' proposed an amendment seeking to add a new claim regarding an entirely different incident than was the focus of her original complaint, suggesting without explanation that she could not have pleaded the new claim until she had deposed Kia's representative. However, Flowers concedes that she was already aware of the facts and legal basis for her new claim, and even had the evidence in her possession by at least March 10, 2022, when her counsel sent Kia an email regarding the allegedly defective 2019 notices. (*See* Dkt. #38-1, at 4, 7) (March 10, 2022 email from Flowers' counsel to Kia's counsel stating: "the notices (NRC's) prior to the September 2019 repossession were defective . . . which would make the September 2019 repossession illegal."). Flowers does not explain why she waited nearly eight months after reviewing the 2019 notices and raising the claim with Kia to seek

5

leave to add that claim to this case. In short, she has provided no valid excuse for the undue delay.

More importantly, the amendment appears futile, as it would be subject to a meritorious statute of limitations defense.[4] Specifically, an action under chapter 425 or 427 must be brought "within one year after the date of the last violation of chs. 421 to 427." Wis. Stat. § 425.307(1). Because Flowers first filed suit on June 23, 2021, Flowers' claims are timely only if the last violation occurred on or after June 23, 2020. Nonetheless, Flowers asserts that her new allegations based on a 2019 repossession are timely because they are based on Kia's continuing unlawful course of conduct (*i.e.*, seeking repossession of her vehicle), the "last violation" of which occurred in November 2020, within the one-year statute of limitations.

As Flowers' acknowledges, however, this court rejected a substantially similar argument in a previous decision, holding that § 425.307 does not "allow a timely claim based on one set of activities . . . to somehow usher in an untimely claim premised on a different set of activities." *Hopkins v. Cap. One Bank, USA, N.A.*, No. 14-CV-44-WMC, 2015 WL 327631, at *5 (W.D. Wis. Jan. 26, 2015). This is true even if the debt collection activities relate to the same debt, so long as the actions are discrete acts, separated by time, and separately actionable. *See id.* at *6 ("Plaintiffs' contention that the 'last violation' language allows recovery for all acts relating to the same debt and debt-collection activities regardless of the passage of time or discrete quality of the acts is similarly unpersuasive.")

---

[4] Although an affirmative defense, Flowers herself put the timeline under the applicable statute of limitations at issue by discussing it at length in her brief in support of her motion to amend to add the proposed claim. (Dkt. #51, at 6–12.)

The same conclusion applies here. Flowers' new allegations and claims are based on distinct actions by Kia—the repossession of her vehicle in 2019, after which Flowers admittedly paid Kia the fees she owed and got her vehicle back. (Flowers' Dep. (dkt. #60) 39.) Thus, Kia's alleged violations that occurred within the statute of limitations may have occurred in November 2020, but they were not part of a "continuing violation." Accordingly, the court will deny Flowers' motion for leave to file an amended complaint, leaving Flowers' original complaint as the operative pleading.

## B. Kia's Motion for Judgment on the Pleadings

Kia moved for judgment on the pleadings on all of Flowers' claims in her initial complaint. With respect to claims 1, 2 and 4, Kia argued that those claims should be dismissed with prejudice because they were legally deficient. Specifically, it argued that claim 1 should be dismissed because Wis. Stat. § 425.107 can only be asserted defensively; claim 2 should be dismissed because § 425.206 applied only to actual repossessions, and no repossession was alleged or occurred; and count 4 based on improper or deficient notices should similarly be dismissed because no repossession occurred.[5] As for count 3, Kia argued that Flowers' allegations were unacceptably vague and improperly conflated Kia with the unnamed individual driving the truck.

In her opposition brief, Flowers did not develop any arguments in response to Kia's motion with respect to claims 1, 2 or 4. Rather, Flowers offered to "withdraw" those claims.

---

[5] Kia also moved for judgment as to claim 5, against the repossession company, for Flowers' failure to prosecute. Kia lacks standing to seek dismissal of that claim but, in any event, Flowers agrees that she abandoned her claims against ABC Repossession. (Dkt. #51, n.1)

7

(Dkt. #51, at n.1.) However, Flowers cannot unilaterally withdraw claims after the defendant has answered and moved for dismissal of those claims with prejudice. Instead, she must either obtain Kia's consent or permission from the court to amend her complaint to withdraw those claims. *See* Fed. R. Civ. P. 41(1)(A) (plaintiff may voluntarily dismiss action without prejudice after defendant answers only if defendant agrees to dismissal). Since the defendant has not agreed to such a dismissal and Flowers failed to develop any argument in opposition to Kia's motion with respect to claims 1, 2 or 4, those claims will be dismissed with prejudice. *See Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) (failure to respond to argument constitutes waiver).

As for claim 3, Kia moved for judgment on the pleadings based on Flowers' pleading deficiencies, and in particular, based on the argument that Flowers failed to allege sufficient facts to hold Kia responsible for any unlawful actions of the truck driver who followed her in November 2020. Kia's argument has some merit, as Flowers' complaint contains no factual allegations linking Kia to the behavior of the truck driver. In this court, however, a dismissal for pleading deficiencies is generally a dismissal without prejudice, with an opportunity for the plaintiff to replead the claim to address the deficiencies. *See Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018) ("ordinary practice" in Seventh Circuit is to "allow defective pleadings to be corrected"). This exercise is not necessary in this case because Kia followed up on its motion for judgment on the pleadings with a motion for summary judgment on the same claim. Therefore, the court will deny the motion for judgment on the pleadings as to claim 3, and instead address the merits of that claim below.[6]

---

[6] In her opposition brief, Flowers also argues that Kia failed to move for judgment on the pleadings with respect to her claims based on inadequate and deficient notice (dkt. #64, at 2),

**C. Flowers' Wis. Stat. § 427.104 claims**

Flowers alleges that Kia, through its repossession agent, violated provisions of Wis. Stat. § 427.104 prohibiting debt collectors from (1) using or threatening to use "force or violence to cause physical harm to the customer or the customer's dependents or property"; and (2) engaging in "other conduct which can reasonably be expected to threaten or harass the customer or a person related to the customer." *Id.* § 427.104(1)(a) and (1)(h). Kia's primary argument in support of summary judgment is that Flowers has failed to present any evidence linking Kia to the actions of the unidentified truck and driver, let alone evidence that would support holding Kia liable for that driver's actions in November 2020. In response, Flowers argues that a reasonable jury could find Kia liable based on Kia's own admissions and circumstantial evidence. However, these arguments are ultimately unpersuasive.

First, Flowers argues that statements in Kia's Rule 26 initial disclosures constitute "judicial admissions" that Kia hired two repossession companies to repossess her vehicle in November 2020. Specifically, in identifying "individuals likely to have discoverable information," Kia identified "Primeritus Financial Services' corporate representative," stating that "because [Kia] dealt with Primeritus to request repossession of the subject vehicle, a corporate representative of Primeritus should have knowledge of its communications and business dealings with [Kia] regarding the vehicle in question." Kia also identified "Statewide Recovery Specialists" as "the entity to whom Primeritus subcontracted the collateral for recovery, and who attempted to recover the vehicle on or around November 10, 2020, which

---

but this is incorrect. As discussed above, Kia argued that such claims could succeed only if there was an actual repossession and, because no repossession ever occurred, the claims should be dismissed. (Dkt. #31, at 13–15.) Because Flowers developed *no* counterargument in response, those claims are being properly dismissed with prejudice as well.

9

is the incident forming the basis of Plaintiff's claims." (Dkt. 64-4, at 3–4.) Finally, in identifying "documents [Kia] may use to support its defenses," Kia listed "[d]ocuments relating to [Kia's] efforts to repossess the vehicle after Plaintiff ceased repayment, including but not limited to the attempted repossession … on or around November 10, 2020 forming the basis of Plaintiff's claims." (*Id.* at 4.) Flowers argues that these initial disclosures are judicial admissions confirming that the truck driver who followed her in November 2020 was working as Kia's agent.

However, Rule 26 initial disclosures are not sworn "admissions" or otherwise admissible as "evidence." As set forth in Rule 26, the disclosures are simply a list of individuals "likely to have discoverable information." More importantly, they are simply documents that a party "may use to support its claims *or defenses*." The purpose of the disclosures is to allow the parties to begin collecting evidence and engaging in discovery; they do not excuse a party from confirming information in the disclosures or from translating the disclosures into admissible evidence. Indeed, Flowers cites no legal authority suggesting that Rule 26 initial disclosures constitute "evidence" that may be used to defeat a summary judgment motion.

Second, Flowers argues that the following circumstantial evidence would permit a reasonable jury to find that Kia was legally responsible for the unidentified truck driver's actions in November 2020: (1) a Kia representative confirmed the following day that Flowers was in default and her vehicle could be repossessed; and (2) a repossession company hired by Kia repossessed Flowers' vehicle three years previously, at 11:00 p.m.[7] This evidence alone is not sufficient to satisfy Flowers' burden at summary judgment.

---

[7] Flowers also argues that none of the other cars parked near hers on the night of the incident were up for repossession. However, Flowers presents no admissible evidence to support this assertion,

The fact that Kia repossessed her vehicle previously, and *could* have repossessed Flowers' vehicle again based on her defaulted loan, is not evidence that the November 2020 incident was an attempt by Kia to do so. At best, such a conclusion would be based on speculation, which is insufficient to defeat a summary judgment motion. *E.g., Herzog v. Graphic Packaging Int'l, Inc.*, 742 F.3d 802, 806 (7th Cir. 2014) (Although nonmovant "is entitled . . . to all reasonable inferences in her favor, inferences that are supported by only speculation or conjecture will not defeat a summary judgment motion.")

Ultimately, Flowers has no evidence to prove: (1) who owned the truck; (2) who was driving it; (3) who the driver worked for; (4) who, if anyone, gave instructions to the driver and what those instructions were; (5) why the truck was at her house or followed her and her son in November 2020; or (6) Kia was involved in any way with the driver or his actions on the night of the incident. Without *some* evidence that Kia requested, directed or approved the actions by the truck driver, Flowers cannot succeed on a claim that Kia (1) used or threatened to use "force or violence" in collecting a debt; or (2) engaged in "other conduct which can reasonably be expected to threaten or harass the customer or a person related to the customer." *Id.* § 427.104(1)(a) and (1)(h). Accordingly, the court will grant Kia's motion for summary judgment.

ORDER

IT IS ORDERED that:

1. ABC Repossession Company is DISMISSED as a defendant.

---

as she lacks personal knowledge to testify as to the finances of the owners of other vehicles in that lot.

2. Plaintiff Angela Flowers' motion for leave to file an amended complaint (dkt. #48) is DENIED.

3. Defendant Kia Motors Finance's motion for judgment on the pleadings (dkt. #31) is GRANTED with respect to Flowers' claims 1, 2, and 4, and those claims are DISMISSED WITH PREJUDICE. The motion is DENIED as to claim 3.

4. Defendant's motion for summary judgment (dkt. #56) is GRANTED.

5. The clerk of court is directed to enter judgment for defendant and close this case.

Entered June 1, 2023.

                                BY THE COURT:

                                /s/

                                _____
                                WILLIAM M. CONLEY
                                District Judge